**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

In re:

SHERRY ANN MCGANN,

Debtor.

Bankruptcy Case No. 20-18118 TBM
Chapter 7

---

**ORDER DENYING MOTION FOR RULE 2004 EXAMINATION OF TRUSTEE**

---

### I.      Introduction

Almost five years ago, Sherry Ann McGann (the "Debtor") voluntarily filed for protection under Chapter 7 of the Bankruptcy Code[1] in the case captioned:  *In re McGann*, Case No. 20-18118 (Bankr. D. Colo.) (the "Chapter 7 Case").  A Chapter 7 Trustee was appointed:  Jeanne Y. Jagow (the "Trustee").  In the years that followed, the Debtor has engaged in substantial litigation regarding the Trustee's administration of her bankruptcy estate, including bringing adversary proceedings against the Trustee, the Trustee's counsel, and Liberty Mutual Insurance Company, in which she alleged, among other things, that the Trustee had violated her fiduciary duties by failing to pursue certain claims belonging to the bankruptcy Estate (or Celestial Properties, LLC ("Celestial Properties")), including by failing to collect a pre-petition judgment (the "Swany Judgment") against Rodger Swany ("Mr. Swany"), the Debtor's former spouse who resides in Canada.

Many years into her bankruptcy case, and months after her claims against the Trustee and the Trustee's counsel in the adversary proceedings had been dismissed, the Debtor filed a motion to compel the Trustee to abandon the Swany Judgment on the ground that it was of inconsequential value and benefit to the estate.  Though the Trustee initially opposed the Debtor's efforts to force abandonment of the Swany Judgment, she ultimately conceded the point, and the Court ordered abandonment of the Swany Judgment to the Debtor.

Now, the Debtor seeks to examine the Trustee regarding the efforts the Trustee undertook to collect the Swany Judgment.  On September 30, 2025, the Debtor filed a "Motion for Rule 2004 Examination and Production of Documents Regarding Collection Efforts on Claim Against Mr. Swany, with Request for Consolidation with October 27,

---

[1]       All references to the "Bankruptcy Code" are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq*.  Unless otherwise indicated, all references to "Section" are to sections of the Bankruptcy Code.

2025 Evidentiary Hearing" (the "Rule 2004 Motion").[2]  The Trustee contested the Rule 2004 Motion in a filing titled:  "Trustee's Motion to Quash (and Objection to) Debtor's Moton for Rule 2004 Examination and Production of Documents Regarding Collection Efforts on Claim Against Mr. Swany, with Request for Consolidation with October 27, 2025 Evidentiary Hearing" (the "Trustee's Motion to Quash and Objection")[3] filed October 6, 2025.  Counsel for the Trustee, David Miller, joined in the Trustee's Motion to Quash and Objection[4] on October 7, 2025.  The Debtor persisted in her position in the "Movant's Reply to Trustee's Motion to Quash and Objection to Rule 2004 Examination and Production of Documents Regarding Collection Efforts on Claim Against Mr. Swany" (the "Reply")[5] filed October 8, 2025.  For the reasons set forth below, the Court denies the Rule 2004 Motion.

## II.      Jurisdiction and Venue.

The Court generally has jurisdiction over the Rule 2004 Motion pursuant to 28 U.S.C. §§ 1334(b) and (e) and 28 U.S.C. § 157(b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which governs "matters concerning the administration of the estate."  Venue is proper in this Court under 28 U.S.C. §§ 1408 and 1409.

## III.     Procedural History Related to the Swany Judgment

### A.      The Debtor's Bankruptcy Cases.[6]

#### 1.      The Debtor's Chapter 11 Bankruptcy Case.

The Debtor, acting through legal counsel, filed her voluntary Petition for relief under Chapter 11 of the Bankruptcy Code on October 17, 2019, commencing *In re McGann*, Case No. 19-18971 (Bankr. D. Colo.) (the "Chapter 11 Case").  The Debtor failed to propose a reorganization plan.  After the Chapter 11 Case had been pending almost a year, on September 1, 2020, the Court entered an order dismissing the Chapter 11 Case.

#### 2.      The Debtor's Chapter 7 Bankruptcy Case.

A few months later, on December 22, 2020, the Debtor (acting through her legal counsel) filed a new voluntary petition for relief under Chapter 7 of the Bankruptcy Code, commencing the Chapter 7 Case: *In re McGann*, Bankr. Case No. 20-18118

---

[2]      Docket No. 751.
[3]      Docket No. 753.
[4]      Docket No. 754.
[5]      Docket No. 756.
[6]      The Court takes judicial notice of the docket of the Chapter 7 Case for purposes of describing the current procedural status.  *See St. Louis Baptist Temple, Inc. v. F.D.I.C.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (a court may *sua sponte* take judicial notice of its docket).

(Bankr. D. Colo.).[7]  Although the Debtor was represented by legal counsel for the first year of the Chapter 7 Case, her lawyer eventually sought and obtained Court authorization to withdraw.[8]  Jeanne Y. Jagow was appointed as the Chapter 7 Trustee for the liquidation of the Debtor's bankruptcy estate.[9]  A few months after the bankruptcy filing, on March 21, 2021, the Court entered an "Order of Discharge" in the Chapter 7 Case, discharging the Debtor's dischargeable debts.[10]

**B.      The Swany Judgment, the Grand Lake Property, and Celestial Properties.**

On her Schedule A/B, the Debtor disclosed her interest in the Swany Judgment by listing a "Property Settlement: Rodger Swany, 888 Hamilton Street, Vancouver BC V6B5W4", which she valued at $144,883.00, as well as a property located at 1535 Grand Avenue, Grand Lake, Colorado (the "Grand Lake Property"), among other property interests.  Though the Debtor now claims an interest in Celestial Properties, , neither such interest, nor the value thereof, has ever been listed in any of the Debtor's bankruptcy Schedules. [11]

Much to the Debtor's chagrin, the Trustee made the decision to pursue liquidation of the Grand Lake Property while deferring action on liquidating or pursuing collection of other claims of the Estate.  Suffice to say, the Debtor fought the Trustee's efforts to turnover and sell the Grand Lake Property at almost every turn.[12]

After liquidation of the Grand Lake Property, the Debtor commenced efforts to hold the Trustee accountable for various alleged violations of fiduciary duties, including the Trustee's alleged failure to preserve and liquidate supposedly valuable estate claims, including the Swany Judgment.  In connection with this crusade, the Debtor filed several motions in which she sought to force the Trustee to take the steps she deemed necessary to effectuate the administration of other "valuable" property interests, claiming that the Trustee should have pursued liquidation of claims belonging to the Estate instead of selling the Grand Lake Property.  She also filed various motions in the Chapter 7 Case and commenced two adversary proceedings against the Trustee: *McGann v. Jagow et al. (In re McGann)*, Adv. Pro. No. 24-1179 TBM (Bankr. D. Colo.) (the "First Adversary Proceeding") and *McGann v. German, et al. (In re McGann),* Adv. Pro No. 25-1199 TBM (Bankr. D. Colo.) (the "Second Adversary Proceeding"), asserting that she or the Estate had been damaged and asking the Court to hold the Trustee

---

7        Docket No. 1.  The Court uses the convention "Chapter 7 Case Docket No. _____" to refer to documents filed in the CM/ECF system in the Chapter 7 Case: *In re McGann*, Bankr. Case No. 20-18118 (Bankr. D. Colo.).
8        Docket Nos. 119, 123, and 134.
9        Docket No. 5.
10       Docket No. 63.
11       Docket No. 15.
12       The Court very briefly summarizes such events here.  However, the Court set forth the long history of the Debtor's prolonged litigation opposing sale of the Grand Lake Property in more detail in the "Order Denying Motion to Vacate All Orders" (Docket No. 731 at 5-6.)

liable under her bond.[13]  Though the claims against the Trustee and the Trustee's Counsel have been dismissed in the First and Second Adversary Proceedings, the First Adversary Proceeding remains pending as against Liberty Mutual.[14]

Then, on January 28, 2025, the Debtor took another tack, filing a "Motion for Abandonment of Certain Property of the Estate Pursuant to 11 U.S.C. § 554(b)" (the "Motion to Abandon Swany Judgment")[15] in which she moved the Court to compel the Trustee's abandonment of the Swany Judgment pursuant to Section 554.  Though the Trustee and some creditors initially opposed the Motion to Abandon Swany Judgment,[16] the Trustee ultimately determined that administration of the asset would not be of benefit to the estate and consented to abandonment of the Swany Judgment.[17]  The Court, therefore, ordered abandonment of the Swany Judgment to the Debtor on June 4, 2025.[18]

Thereafter, the Debtor filed the "Motion of Sherry McGann, as Sole Member of Celestial Properties, LLC, and Acting on Behalf of Celestial Properties, LLC, Requesting an Order of Recusal of Judge Thomas B. McNamara and Abandonment of the Membership Interest in Celestial Properties, LLC, and All Claims Held By Celestial Properties LLC that are Considered Property of the Bankruptcy Estate" (the "Motion to Abandon Celestial Membership Interest").[19]  As was the case with the Motion to Abandon Swany Judgment, the Trustee initially opposed the Motion to Abandon Celestial Membership Interest, filing an Objection to such Motion.[20]  Therefore, the Court set a preliminary hearing on the dispute, during which it determined that questions of fact existed such that an evidentiary hearing was necessary.  The Court set an evidentiary hearing on the contested matter for October 27, 2025.[21]

---

[13]    In the Second Adversary Proceeding, the Debtor asserted claims both in her individual capacity and on behalf of Celestial Properties.  The Court raised concerns about the Debtor's acting on behalf of Celestial Properties, both because Celestial Properties, as a limited liability company, cannot act in litigation without legal counsel and because the Debtor's interest in Celestial Properties had not been abandoned and, therefore, was property of the bankruptcy Estate.  *See* "Order for Compliance" (Second Adversary Proceeding Docket No. 6) (citing L.B.R. 9010-1(e) and also *Flora Constr. Co. v. Fireman's Fund Ins. Co.*, 307 F.2d 413 (10th Cir. 1962), for the proposition that since Celestial Properties is a limited liability company, it must be represented by an attorney).  Later, as discussed in more detail later in this Order, the Debtor moved to abandon the estate's interest in Celestial Properties.  (Chapter 7 Case Docket No. 694).  While the issue of ownership of the Estate's interest in Celestial Properties was pending, the Court issued an "Order Regarding Further Filings in this Adversary Proceeding" (Second Adversary Proceeding Docket No. 18) in which it barred the Debtor from making further filings on behalf of Celestial Properties until such time that ownership of the membership interest was resolved.  The Court has since ordered that the Estate's interest in Celestial Properties be abandoned and that the interest revert to the Debtor, thereby resolving the issue.  (Chapter 7 Case Docket No. 759).

[14]    First Adversary Proceeding Docket No. 106.

[15]    Docket No. 635.

[16]    Docket Nos. 642-644

[17]    Docket No. 684.

[18]    Docket No. 685.

[19]    Docket No. 694.

[20]    Docket No. 709.

[21]    *See* "Minutes of Proceeding/Minute Order" (Docket No. 739).

In the weeks prior to the hearing, the Debtor filed new motions (including the Rule 2004 Motion) in which she complained of the Trustee's actions and inactions and sought discovery, asserting that the Trustee's failure to act as the Debtor deemed necessary had harmed her or Celestial Properties and requesting that the Court hold hearings on various pending motions concurrently with the October 27, 2025 evidentiary hearing.[22]

Then, on October 13, 2025, the Trustee filed the "Trustee's Withdrawal of Objection to Debtor's Motion for Abandonment of Membership Interest in Celestial Properties, LLC and Consent to Debtor's Motion for Abandonment."[23]  Based on such withdrawal, the Court entered an "Order to Abandon Membership Interest in Celestial Properties, LLC" (the "Celestial Abandonment Order") [24]  Therein, the Court found "that the Estate's interest in Celestial Properties, LLC, is of inconsequential value and benefit to the Estate" and ordered the Trustee to "abandon the Estate's membership interest in Celestial Properties, LLC.  Ownership of the Estate's membership interest in Celestial Properties, LLC hereby reverts to the Debtor."  The Court also vacated the October 27, 2025 evidentiary hearing on the Motion to Abandon Celestial Interest.

Following the Court's entry of the Celestial Abandonment Order, the Debtor filed several new motions, including a "Motion Requesting Evidentiary Hearing for Doc#751 and Consolidation for Judicial Efficiency" (the "Motion for Evidentiary Hearing"),[25] requesting that the Court set an evidentiary hearing on the Rule 2004 Motion, among other things.

 For the reasons stated below, the Court denies the Rule 2004 Motion.  Further, because the Court can decide the Rule 2004 Motion on the basis of the Debtor's stated reasons for the proposed discovery, which it accepts for purposes of deciding the Rule 2004 Motion, the Court determines that an evidentiary hearing on the matter is not required.  The Court, therefore, denies the Motion for Evidentiary Hearing.

## IV.   Legal Analysis.

## A.   The Rule 2004 Motion, Objection, and Reply.

On September 30, 2025, the Debtor filed the Rule 2004 Motion.  In the Rule 2004 Motion, the Debtor sought entry of an order pursuant to Fed. R. Bankr. P. 2004 compelling the Trustee and/or the Trustee's counsel to produce within five days the entire "collection file" on the Swany Judgment, including:

- The name, direct email, and phone for the barrister at Bottom & Associates Ltd. and any other attorney/agent contacted;

---

[22]     Docket Nos. 743, 751, 760, and 761.
[23]     Docket No. 758.
[24]     Docket No. 759.
[25]     Docket No. 765.

- A chronological log of all communications with Mr. Swany or his representatives;
- Copies of all correspondence, emails, texts, notes, and internal memoranda;
- Records of any investigative steps undertaken; and
- Any drafts or proposals exchanged regarding settlement.[26]

The Debtor also requests that the Court order the Trustee and/or her attorney to appear for examination by the Debtor within 14 days.[27]  The Debtor asserts that such examination is warranted because, as she sees it, she (individually or as sole member of Celestial Properties) has been "restrained" from collecting on the Swany Judgment by the Trustee's failure to abandon the Swany Judgment earlier in the case.  Therefore, she asserts, she is without the information, which the Trustee allegedly now possesses, that she needs to engage in her own efforts to begin post abandonment collection efforts.[28]  The Debtor complains that the Trustee has not provided her with requested documents and asserts that her failure to do so "obstruct[s] [the Debtor's] ability to pursue recovery" against Mr. Swany.[29]  Further, the Debtor contends, the Trustee's failure to engage in "bona fide" efforts to preserve or liquidate the Swany Judgment for the benefit of the Estate and/or Celestial Properties constitutes a breach of her fiduciary duty for which the Trustee or her bond should be liable.[30]  Pursuing recovery on the Trustee's bond, the Debtor claims, would benefit the Estate and creditors.[31]

The Trustee objects to the Rule 2004 Motion both on procedural and other grounds.[32]  Procedurally, she contends that (1) the Debtor's demand that the Trustee turnover documents within five days is inconsistent with L.B.R. 2004-1, which requires that an entity from whom production is sought be given, at minimum, 14 days to produce documents, and that the Debtor has not demonstrated any "emergency" or "exigent circumstances" that support the granting of expedited relief under L.B.R. 2004-1(b); (2) the Debtor's inclusion in the motion of a request for an order compelling

---

[26]    Docket No. 751 at 8.
[27]    In the alternative, the Debtor requested that the Court consolidate 2004 Motion with an evidentiary hearing set for October 27, 2025, on the "Motion of Sherry McGann, as Sole Member of Celestial Properties, LLC, and Acting on Behalf of Celestial Properties, LLC, Requesting an Order of Recusal of Judge Thomas B. McNamara and Abandonment of the Membership Interest in Celestial Properties, LLC and All Claims Held by Celestial Properties, LLC that are Considered Property of the Bankruptcy Estate" (Docket No. 694, the "Motion to Abandon Celestial Properties") and Objection thereto (Docket No. 709) filed by the Trustee.  However, since the Court already vacated the hearing on that matter, such request is moot.  *See* "Order Denying Motion Combine Hearings on Related Contested Matters" (Docket No. 762).
[28]    Docket No. 751 ¶¶ 15-18
[29]    Docket No. 751 ¶ 17.
[30]    Docket No. 751 ¶¶ 17 and 18.
[31]    Docket No. 751 ¶ 19.  *See also* Docket No. 756 at 18 and 19.
[32]    As is evident from the title of the Trustee's filing, the Trustee also seeks to "quash any subpoena issued."  However, since no party alleges that the Debtor has actually issued or served a subpoena on the Trustee or her counsel, there is no basis for "quashing" anything.  *See* Fed. R. Civ. P. 45(d)(3) (allowing court to quash *subpoena* under certain circumstances).  Thus, the Court construes the Trustee's Motion to Quash and Objection only as an objection to the 2004 Motion.

specific discovery violates L.B.R. 2004-1(a)'s prohibition against seeking an order that "contain[s] provisions in substitution of a subpoena or subpoena duces tecum available pursuant to Fed. R. Civ. P. 45."[33]

Additionally, the Trustee opposes the Rule 2004 Motion on the ground that the Debtor does not have standing to conduct an examination of the Trustee under Rule 2004.[34]  She also opposes examination pursuant to Rule 2004 on the ground that property of the Estate is not at issue, and asserts that the Court should deny the Rule 2004 Motion because the sole purpose of the Rule 2004 Motion is to harass and annoy the Trustee and the Trustee's counsel and also because the First and Second Adversary Proceedings would have been the forum for the Debtor to seek discovery of the information (except that the Trustee and the Trustee's counsel have been dismissed).[35]  Finally, the Trustee also argues that the information sought is not subject to production because it may be covered by the work product privilege.

In her Reply, the Debtor argues that the Rule 2004 Motion "targets factual information essential to administration" of the Estate, contests the allegation that she lacks standing to examine the Trustee, and disputes that the requested documents are privileged.[36]  She also contests the Trustee's procedural arguments and reiterates her contention that the Court should allow such discovery as part of its "inherent authority" to compel the Trustee to account for estate property.

## B.    Legal Framework.

The 2004 Motion is based on Fed. R. Bankr. P. 2004.  That Rule provides, in relevant part:

> (a)  In General . On a party in interest's motion, the court may order the examination of any entity.
>
> (b)  Scope of the Examination.
>
> > (1)  *In General* . The examination of an entity under this Rule 2004, or of a debtor under §343, may relate only to:
> >
> > > (A)  the debtor's acts, conduct, or property;
> > >
> > > (B)  the debtor's liabilities and financial condition;
> > >
> > > (C)  any matter that may affect the administration of the debtor's estate; or

---

[33]      Docket No. 753 ¶¶ 13-17.
[34]      Docket No. 753 ¶¶ 18-27.
[35]      Docket No. 753 ¶¶ 25 and 28; 36-46.
[36]      Docket No. 756 at 3-6.

(D) the debtor's right to a discharge.

(c) Compelling Attendance and the Production of
Documents or Electronically Stored Information .
Regardless of the district where the examination will be
conducted, an entity may be compelled under Rule 9016
to attend and produce documents or electronically
stored information. An attorney may issue and sign a
subpoena on behalf of the court where the case is
pending if the attorney is admitted to practice in that
court.

Fed. R. Bankr. P. 2004(a)-(c).

The purpose of a Rule 2004 examination is "to show the condition of the estate
and to enable the Court to discover its extent and whereabouts, and to come into
possession of it, that the rights of creditors may be preserved." *Cameron v. U.S.*, 231
U.S. 710, 717 (1914) (discussing former § 21(a) of the Bankruptcy Act, from which
former Bankruptcy Rule 205 and current Rule 2004 are in part derived).  The scope of
Rule 2004 examinations is broad — so much so that the exercise has sometimes been
characterized as a "fishing expedition." *Intercontinental Enters., Inc. v. Keller (In re
Blinder, Robinson & Co., Inc.)*, 127 B.R. 267, 273, 274 (D. Colo. 1991) ("Many courts
recognize that Rule 2004 in effect authorizes a 'fishing expedition,' and 'is essentially
creditor and trustee oriented.'").  *See also In re Martino*, 2011 WL 5856327, at *2
(Bankr. D. Colo. Nov. 17, 2011) ("Rule 2004 has been likened to a 'fishing
expedition. . . .'").  A little fishing can be a good thing and, in fact, may be required to
discover the debtor's assets, confirm liabilities, and uncover possible irregularities by
the debtor.

But, while some fishing may be necessary, the expedition is "not without
bounds." *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994).  *See also Martino*,
2011 WL 5856327, at *2 (noting that use of 2004 is "not unlimited").  All requests to
conduct Rule 2004 examinations must be approved by the Court.  Fed. R. Bankr. P.
2004(a).  While requests for authorization to conduct Rule 2004 examinations are
routinely granted, *In re Assoc. Cmty. Servs., Inc.*, 520 B.R. 650, 655-56 (Bankr. E.D.
Mich. 2014), courts have significant discretion in determining whether the requested
examination is warranted.  Fed. R. Bankr. P. 2004 ("the court *may* order the
examination") (emphasis added).*See also In re Enron Corp.*, 281 B.R. 836, 840 (Bankr.
S.D.N.Y. 2002) ("As the permissive language of the rule suggests, the Court has the
discretion to grant a request for a 2004 examination."); *In re Bd. of Dirs. of Hopewell Int'l
Ins. Ltd.*, 258 B.R. 580, 587 (Bankr. S.D.N.Y. 2001) ("Rule 2004 provides that the Court
"may" order disclosure thereunder, giving the Court significant discretion.")  A court
need not approve proposed discovery that is redundant, onerous, unreasonable,
disproportionate, abusive, or harassing.

A party seeking to conduct an examination pursuant to Rule 2004 bears the
burden to show good cause for the discovery it seeks.  *Picard v. Marshall (In re Bernard*

*L. Madoff Inv. Secs. LLC),* 2014 WL 5486279, at *2 (Bankr. S.D.N.Y. Oct. 30, 2014). "Generally good cause is shown if the [Rule 2004] examination is necessary to establish [for benefit of the bankruptcy estate, or against the bankruptcy estate] the claim of the party seeking the examination, or if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.*, 318 B.R. 263, 268 (S.D.N.Y. 2004) (quoting *In re Dinubilo*, 177 B.R. 932, 943 (E.D. Cal. 1993)) (first brackets in original; second brackets added). In determining whether good cause exists, bankruptcy courts must "balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *In re Drexel Burnham Lambert Grp., Inc.*, 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991). Further, while Chapter 7 trustees may properly be examined about some matters pursuant to Rule 2004, "courts will 'not condone the use of Rule 2004 in a fashion which unduly harasses the [t]rustee or frivolously wastes the assets of the estate.'" *In re First Conn. Consulting Grp., Inc.*, 2017 WL 3089736, at *2 (Bankr. D. Conn. Jul. 19, 2017) (quoting *Matter of M4 Enters., Inc.*, 190 B.R. 471, 475 (Bankr. N.D. Ga. 1995)).

In addition, where there is pending an adversary proceeding or contested matter in which the discovery sought under Rule 2004 can be obtained, bankruptcy courts may require that discovery be conducted under Fed. R. Civ. P. 26-37, as incorporated by Fed. R. Bankr. P. 7026-7037. *See In re Okla. Auto. Door Co., Inc.*, 599 B.R. 167, 170-71 (Bankr. W.D. Okla. 2019) ("One recognized limitation on the broad scope of Rule 2004 is the 'pending proceeding rule,' pursuant to which courts may preclude discovery under Rule 2004 based on the 'existence of other pending litigation in which such discovery could be obtained.'") (quoting *In re Int'l Fibercom, Inc.*, 283 B.R. 290, 292 (Bankr. D. Ariz. 2002)); *Blinder, Robinson*, 127 B.R. at 275 ("if an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used") (citing 8 COLLIER ON BANKRUPTCY ¶ 2004.03[1] at 2004-5 to -6 (L. King 15th ed. 1990)).

"The pending proceeding rule also applies in litigation outside of bankruptcy court." *Okla. Auto. Door*, 599 B.R. at 171. "[W]here the party requesting the Rule 2004 examination could benefit their pending litigation outside of the bankruptcy court against the proposed Rule 2004 examinee," authorization of a Rule 2004 examination may be inappropriate. *Enron*, 281 B.R. at 842 (citing *Snyder v. Society Bank*, 181 B.R. 40, 42 (S.D. Tex. 1994), *aff'd sub nom*, *In re Snyder*, 52 F.3d 1067 (5th Cir. 1995)). *See also Okla. Auto. Door*, 599 B.R. at 171 (same).

## C.    Legal Conclusions.

### 1.    The Debtor's Requested Discovery Does Not Relate to the Administration of the Bankruptcy Estate.

Through the 2004 Motion, the Debtor seeks to examine the Trustee with respect to the Swany Judgment and produce "the complete collection file on the Swany [Judgment]." She further seeks discovery in order to evaluate whether the Trustee

properly administered what the Debtor describes as "valuable" estate assets, including the Swany Judgment.  Such request oversteps the scope of permissible discovery under Rule 2004.

Per the Debtor's request, the Court already determined that the Estate's interests in the Swany Judgment were of inconsequential value and benefit to the Estate, ordered the Trustee to abandon the Swany Judgment, and ruled that such interests reverted to the Debtor.[37]  After abandonment, the Swany Judgment ceased to be property of the Estate.  *See* 11 U.S.C. § 554.  *See also In re Perez*, 2011 WL 6934471, at *3 (9th Cir. BAP Dec. 1, 2011)  (holding that "Property is no longer property of the estate after the property is sold, abandoned, or returned to the debtor as exempt property" and citing 3 COLLIER ON BANKRUPTCY, ¶ 362.06 (Alan N. Resnick & Henry J. Sommer, eds., 16th rev. ed. 2011)); *In re Hermosilla*, 375 B.R. 20, 25 (Bankr. D. Mass. Aug. 6, 2007) ("after the Trustee abandoned his interest in the Property, it was no longer property of the estate").

Rule 2004 examinations may "relate *only* to the acts conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or the debtor's right to a discharge."[38]  The Debtor makes no argument that the requested discovery about the Trustee's administration of the Swany Judgment relates to the Debtor's acts, conduct, or property," nor to the Debtor's "liabilities and financial condition."  She does, however, contend that the proposed examination about "what the Trustee did to collect an estate judgment she held for five years" is "essential to administration of the estate" such that examination under Rule 2004 should be allowed.[39]

Respectfully, the Court disagrees.  The Court already determined (at the Debtor's request) that "the Swany Judgment is of inconsequential value and benefit to the estate."[40]  The Court already ordered that the Swany Judgment be abandoned to the Debtor.  So, the Debtor can do whatever she wishes to do or not do vis-à-vis collection of the Swany Judgment against her former husband.  The Swany Judgment is of no further moment or interest in the Chapter 7 Case and no longer a bankruptcy issue. There is no reason to conduct an examination of the Trustee about the Swany Judgment or production of the "complete collection file" relating to the Swany Judgment because such discovery under Rule 2004 would have no impact on the bankruptcy Estate.

That begs the question of what it is that the Debtor is trying to accomplish.  The Court assesses that the Debtor is trying to use Rule 2004 as an improper mechanism to conduct discovery so that she can assert personal claims for damages against the Trustee (as she already did in the First and Second Adversary Proceedings).  But again, the Swany Judgment already has been abandoned to the Debtor and any Rule 2004 examination would have no conceivable effect on the administration of the bankruptcy

---

[37]     Docket Nos. 685 and 759.
[38]     Fed. R. Bankr. P. 2004(b) (emphasis added).
[39]     Docket No. 756 at 3.
[40]     Docket No. 685.

Estate at this stage.  As such, a Rule 2004 examination is not a proper means of inquiry into such matters.  *See In re Hilsen*, 2008 WL 2945996, at \*4 (Bankr. S.D.N.Y. Jul. 25, 2008) (stating that "non-estate property is beyond the scope of Rule 2004" and holding that "Rule 2004 is not a proper means to inquire with respect to non-estate property").

The Court also is charged with balancing the "competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Drexel Burnham*, 123 B.R. at 712.  The Court has engaged in the balancing exercise. The Court sees no relevance to the bankruptcy process in the Debtor's request for a Rule 2004 examination and document production about the Swany Judgment which has been abandoned.  There is no bankruptcy necessity for such exercise either.  Overall, the Debtor has failed to persuade the Court that she met her burden to show good cause for the discovery sought in the Rule 2004 Motion.  So, for the foregoing reasons, the Court denies the Rule 2004 Motion.

### 2. The Debtor's Requested Discovery is More Appropriately Sought in an Adversary Proceeding.

In the First Adversary Proceeding, the Debtor complained that she has been harmed by the Trustee's alleged failure to properly administer the estate, including her alleged failure to preserve and liquidate the Swany Judgment.  The Debtor made similar assertions against the Trustee in the Second Adversary Proceeding too.  To the extent that the Debtor is trying to conduct discovery for her own claims against the Trustee, Rule 2004 is not the right discovery mechanism.  Authorization of a Rule 2004 examination is inappropriate "where the party requesting the Rule 2004 examination could benefit their pending litigation . . . against the proposed Rule 2004 examinee." *Enron*, 281 B.R. at 842.  The Debtor might have been able to conduct such discovery in the First or Second Adversary Proceeding.  But she did not.  Later, the claims against the Trustee in the First and Second Adversary Proceeding were dismissed.  So, they are no longer pending (unless the dismissal is reversed on appeal).  But, what the Debtor is seemingly trying to do now is to circumventthe dismissal of the claims against the Trustee in the First and Second Adversary Proceeding and instead improperly invoke Rule 2004.

### 3. The Rule 2004 Motion is Procedurally Deficient.

The Trustee contends that the Rule 2004 Motion is procedurally deficient under Fed. R. Civ. P. 45 (made applicable by Fed. R. Bankr. P. 9016) L.B.R. 2004-1 because (a) the Debtor requests that the Court order the Trustee to produce certain documents without service of a subpoena and (b) the Debtor seeks an order requiring the Trustee to produce documents on a shortened timeframe without demonstrating the need for expedited discovery.  In the Rule 2004 Motion, the Debtor argues that her request that the Court command production of documents within five days is reasonable.[41]

---

[41]        *See* Reply at 3.

The Court concurs with the Trustee's arguments against the procedural deficiencies in the Rule 2004 Motion.  Various rules provide procedural protections for those from whom discovery is sought when Rule 2004 examinations are authorized.

> Federal Rule of Bankruptcy Procedure 9016 makes Rule 45 of the Federal Rules of Civil Procedure applicable to cases under the Bankruptcy Code.  Placed as it is in Part IX of the Bankruptcy Rules, Rule 9016 applies in adversary proceedings, contested matters, contested or involuntary petitions, Rule 2004 examinations and all other matters in a bankruptcy case in which testimony may be compelled.

10 COLLIER ON BANKRUPTCY ¶ 9016.01 (16th ed. rev. 2025).  Thus, to compel attendance and document production by a non-debtor, "Rule 2004(c), incorporating Rule 9016, requires a subpoena to be either issued by the clerk or by an attorney as an officer of the court."  9 COLLIER ON BANKRUPTCY ¶ 2004.02[2] (16th ed. rev. 2025).  To that end, this Court's related local rule, L.B.R. 2004-1 provides:

> (a)  *Ex Parte* Application. An order for examination pursuant to Fed. R. Bankr. P. 2004 may be issued by the Court on the *ex parte* application of a party in interest.  The moving party must file an appropriate motion together with a proposed order.  Such proposed order may not contain provisions in substitution of a subpoena or subpoena *duces tecum* available pursuant to Fed. R. Civ. P. 45.

> (b) Time.  Unless otherwise ordered by the Court for good cause shown, the date for the examination or production of documents sought under Fed. R. Bankr. P. 2004(a) must be not less than 14 days after service, by the movant, of the examination order on the party to whom it is directed.

Thus, under the foregoing rules, a party seeking to examine an entity under Rule 2004 is required, first, so show both that the requested discovery is needed and that such requested discovery relates to the "debtor's acts, conduct, or property;" "the debtor's liabilities and financial condition;" or "any matter that may affect the administration of the debtor's estate".  Fed. R. Bankr. P. 2004 (b)(1)(A)-(C). Alternatively, the party seeking authorization to conduct a Rule 2004 may show that the requested discovery relates to "the debtor's right to a discharge."  Fed. R. Bankr. P. 2004 (b)(1)(D).  After receiving authorization to conduct a Rule 2004, a party may serve a subpoena compelling the production of documents or the attendance of an entity at an examination pursuant to Fed. R. Civ. P. 45.  Fed. R. Bankr. P. 9016.  In the District of Colorado, a party seeking to examine an entity pursuant to Rule 2004 may not include in any proposed order "provisions in substitution of a subpoena or subpoena duces tecum available pursuant to Fed. R. Civ. P. 45."  L.B.R. 2004-1(b).

The Court has already declined to authorize examination pursuant to Rule 2004 on the ground that the requested discovery does not relate to the Debtor's acts, conduct, or property; the Debtor's liabilities and financial condition; or any matter that may affect the administration of the Debtor's estate.  But the Court also denies the Rule 2004 Motion on the ground that the Debtor cannot use the Rule 2004 Motion itself to seek an order compelling production of certain documents and information.  Had the Debtor stated valid grounds for seeking discovery under Rule 2004 and had the Court authorized examination pursuant to Rule 2004, the Debtor would have been granted leave to seek discovery in accordance with Fed. R. Civ. P. 45, which is made applicable to these proceedings by Fed. R. Bankr. P. 9016.  Fed. R. Civ. P. 45 provides various protections to the targets of discovery, including, but not limited to, the right to modify or quash a subpoena.  The Debtor cannot sidestep such protections by requesting production of documents and information in her Rule 2004 Motion, especially on a shortened basis.

## 4.      Other Arguments.

Given the Court's denial of the Rule 2004 Motion for the foregoing reasons, the Court need not address the remaining arguments made by the Trustee.

## V.      Conclusion and Order.

For the reasons set forth above the Court

ORDERS that the Rule 2004 Motion is DENIED.  Further, because the Court accepted the premises of the Debtor's argument and was able to decide the Rule 2004 Motion on the basis of the parties' legal argument without need for resolution of any factual disputes, the Court

FURTHER ORDERS that the Motion for Evidentiary Hearing is DENIED both as unnecessary and as moot.

DATED this 29th day of October, 2025.

BY THE COURT:

Thomas B. McNamara
United States Bankruptcy Judge

13